IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARRY LYNN GIBSON,  Plaintiff, | :: :: :: | PRISONER CIVIL RIGHTS  42 U.S.C. § 1983 |
| v. | :: :: | |
| SHERIFF JEFFEREY L. MANN et al.,  Defendants. | :: :: :: | CIVIL ACTION NO.  1:15-CV-3015-WSD-GGB |

## FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the DeKalb County Jail in Decatur, Georgia (the "Jail"). Plaintiff, pro se, seeks relief under 42 U.S.C. § 1983 for alleged deliberate indifference to his medical needs. (Doc. 1.) He contends that medical personnel at the Jail have not consistently provided his prescribed medication for high blood pressure and glaucoma. (*Id.* at 2-5.) He named as Defendants the Sheriff of DeKalb County and the medical supervisor at the Jail. (*Id.* at 2.)

I screened Plaintiff's complaint, as required by 28 U.S.C. § 1915A, and found that his allegations did not state a viable claim of deliberate indifference regarding his high blood pressure. (Doc. 4.) Given the few facts Plaintiff provided regarding his glaucoma, I allowed him to file an amended complaint for that claim. (*Id.*)

Plaintiff filed an amended complaint. (Doc. 6.) The amended complaint now must be screened to determine whether it: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

As explained in my prior Order, an inmate states a viable claim for deliberate indifference to his medical needs only if the allegations plausibly show that: (1) the inmate had an objectively serious medical need; (2) the defendant was deliberately indifferent to that need; and (3) there is a causal connection between that indifference and the inmate's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). A defendant is deliberately indifferent only if he subjectively knew of a risk of serious harm and disregarded that risk by conduct beyond gross negligence. *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010). The defendant's conduct must be "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Wallace v. Hammontree*, No. 15-10286, 2015 WL 5254854, at *1 (11th Cir. Sept. 10, 2015) (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)).

Plaintiff alleged in his amended complaint that he has been prescribed two medications, both in the form of liquid eye drops, for his glaucoma. (Doc. 6 at 6.) Since his confinement at the Jail in September 2014, Plaintiff has received that medication except for the months of May and June 2015. (*Id.* at 3-4.) Jail medical records that Plaintiff attached to his amended complaint confirm that Plaintiff received the medication before and after that two-month period. (*Id.* at 7-10.) Plaintiff claims that as a result of the lack of medication for those two months and the lack of an eye exam at the Jail – which he contends he has not received despite repeated requests – his vision has worsened. (*Id.* at 3-4.) Plaintiff seeks $150,000 in damages and release from the Jail. (*Id.* at 4.)

Like his claim regarding his blood pressure, Plaintiff's allegations in his amended complaint do not support a plausible finding that Defendants were deliberately indifferent to his glaucoma. The allegations support a finding that someone may have been negligent in not giving Plaintiff his eye medication for May and June 2015, but that is not enough. Negligence is not deliberate indifference, and "[m]edical malpractice [professional negligence] does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Wallace*, 2015 WL 5254854, at *2

(finding that inmate's claim "at best amounts to medical malpractice, a claim that does not rise to the level of a constitutional violation"). Deliberate indifference is conduct worse than gross negligence that shocks the conscience or is intolerable to fundamental fairness. *Wallace*, 2015 WL 5254854, at *1; *Gee*, 625 F.3d 1313, 1317.

Plaintiff did not allege any facts supporting a finding that the failure to give him medication for two months and to give him an eye exam was the result of conduct so grossly negligent that it shocks the conscience or is intolerable to fundamental fairness. "A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Plaintiff has not done so.

For the foregoing reasons and the reasons set forth in my September 29, 2015 Order, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**SO RECOMMENDED**, this 23rd day of October, 2015.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
(Rev.8/82)