IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**BARRY LYNN GIBSON,**

      **Plaintiff,**

v.                                              1:15-cv-3015-WSD

**SHERIFF JEFFERY L. MANN,
DR. DUNBAR,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [7] ("R&R"), recommending that this action be dismissed for failure to state a claim upon which relief may be granted.

On August 7, 2015, Plaintiff Barry Lynn Gibson ("Plaintiff"), proceeding *pro se*, filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [1] ("Complaint"), alleging that officials at the DeKalb County Jail ("Jail"), where he is confined, demonstrated deliberate indifference to his medical needs. On September 29, 2015, the Magistrate Judge issued her Order [4], finding that Plaintiff's Complaint did not adequately state a claim, and permitting him to file an amended complaint to cure his pleading deficiencies. On October 7, 2015, Plaintiff filed his amended Civil Rights Complaint Pursuant to 42 U.S.C.

§ 1983 [6] ("Amended Complaint").  On October 23, 2015, the Magistrate Judge issued her R&R, recommending that Plaintiff's Amended Complaint be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff has not filed objections to the R&R, and the Court thus reviews it for plain error.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

The Eighth Amendment's proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Wallace v. Hammontree, 615 F. App'x 666, 667 (11th Cir. 2015) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  To establish deliberate indifference, a plaintiff must establish "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306–07 (11th Cir. 2009).  A defendant is deliberately indifferent only if he subjectively knew of a risk of serious harm and disregarded that risk by conduct beyond gross negligence. Pourmoghani-Esfahani v. Gee, 625 F.3d 1313, 1317 (11th Cir. 2010).  The defendant's conduct must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); see Wallace, 615 F. App'x at 667.

Plaintiff alleges that he has glaucoma for which he has been prescribed liquid eye drops. ([6] at 6). He claims that his vision has gotten worse because the Jail did not provide him with his eye medication in May and June of 2015, and has not provided him with an eye exam despite his requests. ([6] at 3-4). Plaintiff seeks $150,000 in damages and release from the Jail. ([6] at 4). The Magistrate Judge found that Plaintiff's allegations may suggest negligence but do not plausibly show that Defendants engaged in conduct that shocks the conscience or is intolerable to fundamental fairness. The Court finds no plain error in this determination. See Wallace, 615 F. App'x at 667–68 (noting that claims "amount[ing] to medical malpractice . . . do[] not rise to the level of a constitutional violation," and finding insufficient plaintiff's allegations that a doctor unnecessarily removed his kidney).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [7] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 27th day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE